IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MOHAMMED ABDUL MAJID, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | )   CIV-05-08-M |
| v. | ) |
| | ) |
| GARY BERRYHILL, et al., | ) |
| | ) |
| Defendants. | ) |

ORDER

Plaintiff, a federal prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action against federal and state officials pursuant to 42 U.S.C. §1983 and <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971). The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). Before the undersigned is Plaintiff's Motion for Default Judgment (Doc. #50) concerning the two federal Defendants, Defendants Berryhill and "Suedo," named in the Amended Complaint. Plaintiff contends that the record evidences the receipt of personal service upon these two federal Defendants and that the time for these Defendants to respond to the cause of action has expired. Consequently, Plaintiff contends he is entitled to the entry of default judgment against the federal Defendants under Fed. R. Civ. P. 55.

There are two reasons to reject Plaintiff's Motion for Default Judgment. First, Fed. R. Civ. P. 55(e) clearly provides that "[n]o judgment by default shall be entered against the

United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court." Plaintiff does not specify in his Amended Complaint whether he is suing the federal Defendants in their individual capacities or in their official capacities as employees of the United States. Therefore, the undersigned cannot enter a default judgment without a showing that Plaintiff is entitled to relief. Plaintiff contends that the allegations in the Amended Complaint must be deemed to be truthful in resolving his Motion for Default Judgment. However, Plaintiff cites to no authority to support this conclusory statement with respect to Rule 55(e), and Plaintiff has made no evidentiary showing of a right to relief in his Motion for Default Judgment. Because Plaintiff has not established a claim or right to relief under Bivens, default judgment against the federal Defendants or the United States is precluded pursuant to Fed. R. Civ. P. 55(e). Moreover, "[d]efault judgments are a harsh sanction" and the policy of the courts in this circuit is to favor the resolution of legal disputes on their merits. Ruplinger v. Rains (In re Rains), 946 F.2d 731, 732 (10th Cir. 1991).

Additionally, Plaintiff has not shown that he has effected service of process upon the two federal Defendants in the manner required by Fed. R. Civ. P. 4(i)(2)(B), which provides that service of process upon a federal officer or employee requires service of process upon the United States "in the manner prescribed by Rule 4(i)(1) and by serving the officer or employee...." Although the record evidences personal service of process upon the two federal Defendants, nothing in the record reflects that service of process has been obtained upon the United States consistent with Fed. R. Civ. P. 4(i)(1). Nevertheless, Rule 4(i)(3)

contemplates an extension of time to cure a defect in the service of process under Rule 4(i). Accordingly, Plaintiff is granted an extension of time of twenty (20) days from this date to effect service of process upon the federal Defendants in accordance with Fed. R. Civ. P. 4(i)(2)(B) by providing the Clerk of the Court with a praecipe for summons to be filed in this cause of action and a copy of the Amended Complaint and by directing the Clerk to issue summons upon the United States in accordance with Rule 4(i)(1). In the absence of proof of service of process upon the federal Defendants consistent with Fed. R. Civ. P. 4(i)(2)(B), Plaintiff's Motion for Default Judgment is DENIED.

Plaintiff is advised of his right to appeal this Order by filing a written objection with the Clerk of the Court on or before the   25th   day of   October  , 2005. The Plaintiff is further advised that failure to make timely objection to this Order waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

IT IS SO ORDERED this   5th   day of   October  , 2005.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE