IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MOHAMMED ABDUL MAJID, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIV-05-08-M |
| v. | ) | |
| | ) | |
| U.S. MARSHAL BERRYHILL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. §1983. In Plaintiff's original Complaint, Plaintiff named as Defendants "U.S. Marshals Berryhill and Suedo," Oklahoma County Sheriff John Whetsel, "Dr. Harvey," who is a contracting physician providing medical services to detainees at the Oklahoma County Detention Center ("OCDC"), four individuals identified as nurses at OCDC, and eight OCDC officials. See Complaint filed January 3, 2005.

In his original Complaint, Plaintiff asserted five grounds for relief, including allegations of deliberate indifference to Plaintiff's medical needs, allegations of First Amendment deprivation of Plaintiff's right to freely exercise his religion, denial of access to the courts, verbal harassment, and retaliation for the exercise of First Amendment rights. All of the Plaintiff's claims relate to the conditions of his pre-trial confinement at OCDC.

The matter was referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). The undersigned entered a Report and Recommendation on February 3, 2005, recommending that all but one of the claims asserted in the Complaint be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim for relief and that Plaintiff be directed to file an amended complaint to address the issue of exhaustion of administrative remedies.[1] In an Order entered April 7, 2005, Judge Miles-LaGrange adopted in part and declined to adopt in part the Report and Recommendation. Judge Miles-LaGrange dismissed Plaintiff's claims asserted in grounds three and five of the Complaint, the verbal harassment claim asserted in ground two of the Complaint, and the remaining claim in count two with respect to all Defendants except Defendants Berryhill, "Suedo," Cheetum, Bell, and Logan. Judge Miles-LaGrange ordered Plaintiff to file an amended complaint demonstrating his exhaustion of administrative remedies with respect to the claims in counts one, two, and four of the Complaint and referred the matter again to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

Plaintiff filed an Amended Complaint on May 9, 2005. In Plaintiff's Amended Complaint, Plaintiff sets forth extensive allegations in support of the claim he asserted in count one in the original Complaint of deliberate indifference to his serious medical needs. Plaintiff also included factual allegations in the Amended Complaint concerning his claims

[1]Plaintiff's original Complaint was not filed on the proper form, and Plaintiff included no allegations in the Complaint concerning exhaustion of administrative remedies.

in count two of the original Complaint of violations of his First Amendment right to freely exercise his Muslim religion and equal protection, and his claim in count four of the original Complaint of retaliation for his exercise of First Amendment rights, to-wit: his report of alleged "civil rights violations" at OCDC to the United States Department of Justice.

In the Amended Complaint, Plaintiff contends that he exhausted the only administrative remedies available to him at OCDC by submitting United States Marshals Service ("USMS") Federal Detainee's Request for Service forms to jail and USMS officials. Defendant Whetsel has moved to dismiss the cause of action against him on the basis of Plaintiff's failure to exhaust administrative remedies and, alternatively, failure to state a claim for relief, to which Plaintiff has responded.[2] Defendant Whetsel has also caused the filing of a special report consistent with Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978)("Special Report I"), as directed by the undersigned. Because consideration of Defendant Whetsel's Motion to Dismiss on the basis of failure to exhaust administrative remedies and Plaintiff's Response thereto require the consideration of matters outside of the pleadings, the parties were advised in an Order entered November 3, 2005 ("November 3rd Order"), that the Motion to Dismiss was construed as a motion for summary judgment pursuant to Fed. R. Civ. P. 56. In the November 3rd Order, the parties were given additional time to submit any evidentiary documents not previously filed in the case with respect to

[2]Curiously, although the record contains returns of service indicating other OCDC officials may have been served with process in this case in the same manner as Defendant Whetsel was served, the Motion to Dismiss is filed only on behalf of Defendant Whetsel.

Defendant Whetsel's dispositive motion seeking dismissal of all of the claims asserted in the Amended Complaint. Defendant Whetsel has now filed his Response to the November 3rd Order. Plaintiff requested and was granted one extension of time to file a response to the November 3rd Order. However, Plaintiff has failed to timely respond to the November 3rd Order, and a second motion by Plaintiff to extend the time to file a response to the November 3rd Order was denied because it was not timely filed.

The federal Defendants "Suedo" and Berryhill have moved to dismiss the cause of action against them on the grounds of (1) lack of subject matter jurisdiction, (2) expiration of the statute of limitations with respect to a portion of Plaintiff's claims, (3) lack of personal participation, (4) failure to exhaust administrative remedies, (5) failure to state a claim for relief, (6) absolute immunity, and (7) qualified immunity. Defendants "Suedo" and Berryhill have also caused the filing of a special report consistent with the Martinez, supra, decision ("Special Report II"), as directed by the undersigned. Plaintiff has responded to Defendants "Suedo" and Berryhill's Motion to Dismiss.

I. Standard of Review

A motion to dismiss may be granted when the plaintiff has "failed to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991). In reviewing the sufficiency of the complaint, the court presumes all of the plaintiff's factual allegations to be true and construes

them in the light most favorable to the plaintiff. Id.  A *pro se* plaintiff's complaint must be broadly construed under this standard. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the "broad reading" of *pro se* complaints dictated by Haines "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall, 935 F.2d at 1110.  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

Summary judgment may be granted only where the pleadings and any supporting documentary materials "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c).  In considering a motion for summary judgment, the court reviews the evidence and inferences drawn from the record in the light most favorable to the nonmoving party. Kaul v. Stephan, 83 F.2d 1208, 1212(10th Cir. 1996); Calhoun v. Gaines, 982 F.2d 1470, 1472(10th Cir. 1992); Manders v. State of Oklahoma, 875 F.2d 263, 264(10th Cir. 1989).  A dispute is "genuine" if a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248(1986). "Material facts" are "facts which might affect the outcome of the suit under the governing law." Id. Additionally, if the moving party demonstrates an absence of evidence regarding an issue on which the nonmoving party will bear the burden of proof at trial, the nonmoving party can defeat summary judgment only by designating with evidence outside of the pleadings "specific facts showing that there is a genuine issue for trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322(1986).  A Martinez

special report is treated as an affidavit, and the plaintiff's complaint is treated as an affidavit as well if it alleges facts based on the plaintiff's personal knowledge and has been sworn under penalty of perjury. Hall, 935 F.2d at 1111.

II. Cause of Action Against Federal Officials

Title 42 U.S.C. § 1983 is applicable only to the actions of state officials or local entities acting under color of state law. Belhomme v. Widnall, 127 F.3d 1214, 1217 (10th Cir. 1997), cert. denied, 523 U.S. 1100 (1998). Hence, Plaintiff's *pro se* action seeking damages from Defendants Berryhill and "Suedo," who are identified as federal officials employed by the USMS, is generously construed to assert a cause of action under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), against the Defendants in their individual capacities. To the extent Plaintiff seeks relief from the federal Defendants in their official capacities, Plaintiff's Bivens claims against Defendants "Suedo" and Berryhill are barred. Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 12214 (10th Cir. 2003). See Pleasant v. Lovell, 876 F.2d 787, 793 (10th Cir. 1989).

III. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act of 1995 ("PLRA") enacted in 1995 directs that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This provision has been interpreted by the Supreme Court to apply "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and

whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Moreover, exhaustion of administrative remedies under the PLRA is required for all inmates seeking relief for alleged constitutional deprivations related to prison conditions in federal district court regardless of the type of relief available under the administrative procedure. Booth v. Churner, 532 U.S. 731, 741 (2001). Section 1997e(a) "imposes a pleading requirement on the prisoner," who must "(1) plead his claims with 'a short and plain statement .... showing that [he] is entitled to relief,' in compliance with Fed. R. Civ. P. 8(a)(2), and (2) 'attach[ ] a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.'" Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003)(quoting Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000)). "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under §1997e." Id. (quotation omitted). "Defendants with a colorable argument based on lack of exhaustion ... may raise it in a dispositive motion, to be addressed promptly by the court." Id. at 1212. Under these circumstances, the "court may consider the attached administrative materials" provided by the plaintiff, or if none are provided by the plaintiff then the court may consider administrative materials or a declaration submitted by the defendant. Id. The "PLRA contains a total exhaustion requirement" and "the presence of unexhausted claims in [a] complaint" requires the dismissal of the complaint without prejudice. Ross v. County of Bernalillo, 365 F.3d 1181, 1189 (10th Cir. 2004). "It is [also] well established that a

plaintiff seeking to assert ... a Bivens claim ... must first exhaust all available administrative remedies." McGee v. Federal Bureau of Prisons, No. 04-1142, 2004 WL 2931365 (10th Cir. Dec. 20, 2004)(unpublished op.)(citing, e.g., Yousef v. Reno, 254 F.3d 1214, 1216 n. 1 (10th Cir. 2001)).

In Plaintiff's original Complaint, he did not include any allegations whatsoever concerning the issue of exhaustion of administrative remedies. In his Amended Complaint, Plaintiff alleges the following, in his own words, with respect to the issue of exhaustion of administrative remedies:

> Defendants never ever responded to plaintiff requests, and [at OCDC] there is no further administrative remedies available, specifically to the Federal inmates, the [OCDC] management states that they are not responsible for any federal inmates, Only U.S. Marshals "Berryhill and Suedo" are only responsible for your Grievances and for Administrative remedies, and this Marshals request for service form is the only way to communicate with them.

Amended Complaint, at 4. Plaintiff's allegations in this pleading are vague at best. The Plaintiff alleges only that he was told by unidentified jail officials that federal detainees had to present any grievances directly to two federal officials because jail officials had no responsibility over federal detainees at all. In response to Defendant Whetsel's dispositive motion, Plaintiff's allegations are somewhat more specific. In this pleading, Plaintiff states in his own words:

> [i]t is undisputed, that the OCDC has an inmate's grievance form, But not for "federal inmates." The grievance forms are only for "state county detainees." For federal inmates, the OCDC provides only one form which is the "U.S. Marshals

> Service, Federal Detainee's Request for Service." ([Defendant's Motion to Dismiss] Ex. 3-D pgs. 4-14). These forms serves for all complaints including services and grievances.....The Plaintiff utilized the only available grievance federal procedures. The OCDC utilized 10 and 13 floor for federal inmates (See Ex. A). Federal inmates were allowed to use only the U.S. Marshals Service Federal Detainee's Request for Service (FDRS). The federal inmates are not candidate to received the "Resident Information Handbook" upon admission to the detention center. Conversely, federal inmates received instructions to used FDRS for any services, complaint, grievances, or any other needs. (See Ex. A at 2). Since Plaintiff is a federal inmate he never received "Resident Information Handbook" or greivance [sic] forms specially assigned for state and county inmates. (See Ex. A at 1). Thus, Plaintiff utilized the only administrative remedy available for federal inmates at OCDC.

Brief in Support and Plaintiff's Opposition to Motion to Dismiss ("Plaintiff's Response"), at 2-3. Exhibit A to this responsive pleading is the Plaintiff's sworn affidavit in which Plaintiff avers that he "did not received [sic] any inmates grievances procedure hand book, nor any orientation at Oklahoma County Jail" and "[a]t Oklahoma County Jail on 10 and 13 floor there is only one kind of administrative remedies available for federal detainee's through 'U.S. Marshals Service Federal Detainee's Request for Service' form and federal inmates have to use these forms for their grievances also." Plaintiff further avers for the first time in this affidavit that on October 7, 2002, he was moved to the 10th floor of the OCDC where "Sergeant Cheetum" showed him the USMS Federal Detainee's Request for Service form and

> said, this is the only Request for service and grievences [sic] form for federal inmates, you are in Federal custody and U.S. Marshals Berryhill and U.S. Marshal Suedo are only responsible for your services and greivances[sic]. If you need any services

> and grievances you need to write only on 'this form only', there is three corbon [sic] copies in it, one for facility second for USMS, thrid [sic] for you.

Plaintiff's Response, Ex. A.

Defendant Whetsel asserts in his Motion to Dismiss that OCDC has a grievance procedure available to all detainees in the jail who seek redress concerning conditions within the facility, and a copy of the OCDC grievance procedure is included as an exhibit to the Special Report compiled by OCDC officials. Defendant Whetsel asserts that every detainee is provided with a "Resident Information Handbook" upon admission to OCDC, and that this handbook sets forth the procedure adopted by the jail for inmates to exhaust their administrative remedies. The grievance procedure adopted by the OCDC, and the procedure that was in effect during the time Plaintiff was in custody at the jail, provides detainees with a four-step process for resolving their grievances concerning their "conditions of confinement, actions of employees, and incidents occurring within or under the authority and control of the Detention Center that personally affect the inmate making the complaint...." Special Report I, at 1-B. An amendment to the OCDC grievance procedure adopted April 10, 2003, during Plaintiff's confinement at the jail allows for the presentation of a grievance for an additional complaint concerning "classification action." Special Report I, at 1-C. The grievance procedure adopted by OCDC does not distinguish between state and federal detainees. It provides one grievance procedure for all individuals detained in the jail.

Defendant Whetsel asserts that Plaintiff requested and received medical treatment and other services on numerous occasions during his detention at OCDC but that Plaintiff never

attempted to pursue the available administrative remedy provided by the jail. Defendant Whetsel's Motion to Dismiss and Brief in Support with Special Report Attached. Defendant Whetsel relies on a document in the Special Report which indicates Plaintiff was given a copy of the OCDC inmate handbook along with the clothing and bed linens issued to him on October 7, 2002, when he entered the jail. Special Report I, Ex. 3-B. The Special Report filed by OCDC officials also contains evidence reflecting that Plaintiff submitted numerous requests directly to OCDC officials for medical treatment and other services using the USMS Federal Detainee's Request for Service form. In most cases, jail officials and/or the jail's medical staff noted their "services provided" in response to Plaintiff's requests on the same form. Special Report I. Viewing this evidence in the light most favorable to Plaintiff, the USMS Federal Detainee's Request for Service forms appearing in the Special Report show Plaintiff employed this form to request medical treatment and other services by submitting the forms directly to jail officials at OCDC. The forms themselves provide no evidence to support Plaintiff's assertion either that (1) he was not given a copy of the jail's inmate handbook containing the jail's grievance procedure or that (2) he had no available administrative remedy at the jail for presenting grievances beyond the USMS Federal Detainee's Request for Services form.

The special report filed by OCDC officials reflects that Plaintiff submitted an OCDC Request to Staff form, which is the second step of the OCDC administrative grievance procedure, on one occasion. On January 2, 2003, Plaintiff submitted a Request to Staff form stating, in his own words, "need medical service, uncomfortable in chest, shortness of breath,

pulpasion, desiness. (Need to check colestrol level and blood sugar which done by my personnel doctor every 2 months)." Special Report I, Ex. 3-K, at 2. The response to this form authored by a nurse and dated January 3, 2003, appears on the same form. The response states that Plaintiff was seen in the jail's medical clinic and that he voiced concerns of high blood sugar levels and that he has not had his cholesterol levels checked in awhile. The nurse states that Plaintiff's blood sugar levels and blood pressure levels were tested and found to be within normal limits and that blood was withdrawn from Plaintiff without difficulty for further testing. Id. This record contradicts Plaintiff's assertion that he was wholly unable to use the jail's administrative grievance procedure because he was a federal detainee.

Plaintiff's statement that a jail official informed him he could use only the USMS Request for Service form to submit a grievance concerning the conditions of his confinement is not supported by the record he presents or by any of the documentary evidence appearing in the special reports filed by Defendants. Even assuming that Plaintiff was misled by the statement of a jail official concerning the administrative remedy process available at the jail, Plaintiff was required to exhaust all available administrative remedies prior to seeking relief in federal court. See Yousef, 254 F.3d at 1222(plaintiff's allegation that BOP response to his informal resolution was misleading and frustrated his ability to proceed with his administrative remedies because it indicated BOP had no jurisdiction over the issue raised by plaintiff did not fulfill the exhaustion requirement in 42 U.S.C. § 1997e(a)). Plaintiff admits that OCDC has an administrative remedy procedure and that he did not pursue this

remedy. There is nothing in the record to show Plaintiff ever attempted to pursue an administrative grievance concerning any of the claims alleged in the Amended Complaint through the administrative grievance procedure available at the jail. Even assuming the truth of Plaintiff's averment that he did not receive a copy of the inmate handbook when he entered the jail, the exhaustion requirement is not excused because of a litigant's lack of knowledge of an administrative grievance procedure. Turrietta v. Barreras, 91 Fed. Appx. 640, 2004 WL 214451, *2 (10th Cir. Feb. 5, 2004)(unpublished op.). The record shows that on occasion Plaintiff would ask in a USMS Request for Service form that OCDC officials report certain of his complaints to a USMS official or to the federal district judge who presided over the federal criminal case involving Plaintiff. These written requests did not, however, exhaust his administrative remedies available at the jail or demonstrate that the administrative remedial procedure available at the jail was unavailable to him. Viewing the record in the light most favorable to Plaintiff, the record shows that Plaintiff had an available administrative remedy within the jail for pursuing his grievances that are now presented as claims of constitutional deprivations against the Defendants and that Plaintiff did not exhaust this available administrative remedy.

Because there is no material issue of fact for trial and Defendant Whetsel is entitled to judgment as a matter of law, Defendant Whetsel's Motion to Dismiss construed as a motion for summary judgment should be GRANTED and the cause of action dismissed without prejudice due to Plaintiff's failure to exhaust the administrative remedy procedure adopted by OCDC. The finding that Plaintiff has failed to demonstrate his exhaustion of

administrative remedies available at the jail with respect to the claims in his Amended Complaint also warrants the *sua sponte* dismissal without prejudice of the Plaintiff's cause of action pursuant to 42 U.S.C. § 1983 and Bivens against the remaining Defendants for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a).

Defendants Berryhill and "Suedo" also move to dismiss the cause of action against them on the basis of Plaintiff's failure to exhaust administrative remedies, and these Defendants' Motion to Dismiss the cause of action against them on this basis should be granted as well. Although it is not necessary to address the remainder of these Defendants' Motion to Dismiss on other grounds, Defendants Berryhill and "Suedo" allege that Plaintiff cannot proceed with a Federal Tort Claims Act ("FTCA") or tort claim against them because Plaintiff has not filed an administrative "tort claim" with the USMS prior to initiating this action. Defendants Suedo and Berryhill's Motion to Dismiss and Brief in Support, at 3. Defendants are apparently relying on the administrative process adopted for claimants pursuing claims under the FTCA, 28 U.S.C. §§ 1346(b), 2674. Nowhere in Plaintiff's original Complaint or in his Amended Complaint does Plaintiff assert a cause of action under the FTCA. In his Complaint and Amended Complaint, Plaintiff alleged constitutional violations against the individual Defendants under 42 U.S.C. § 1983. His claims of constitutional deprivations against the federal Defendants have been generously construed to assert a cause of action against these Defendants in their individual capacities under Bivens. Plaintiff is not suing Defendants Berryhill and Suedo under the FTCA, and therefore it is not necessary to determine whether Plaintiff has exhausted the administrative remedies

required before proceeding with an FTCA action in federal court or to address Defendants Berryhill and Suedo's Motion to Dismiss the cause of action on other grounds related solely to FTCA actions, including the jail's "independent contractor" status or the "discretionary function" exception to the FTCA.

IV. Service of Process

Also before the undersigned is Defendant Charles F. Harvey's Motion and Brief to Quash Service of Process on Defendant Charles F. Harvey, D.O. and Special Appearance filed August 1, 2005 (Doc. # 38). To this date, Plaintiff has not responded to Defendant Harvey's Motion to Quash nor has Plaintiff requested an extension of time to do so. Defendant Harvey's Motion to Quash contains a certificate of service in which counsel certified that the Motion to Quash was mailed to Plaintiff at his last known address on August 1, 2005. Defendant's certificate of service is prima facie evidence that Plaintiff was served with a copy of Defendant Harvey's Motion to Quash, and the time for Plaintiff to respond to Defendant Harvey's Motion to Quash has expired. LCvR 7.2(e). In the discretion of the undersigned, Plaintiff may be deemed to have confessed Defendant Harvey's Motion to Quash. Id. Nevertheless, the undersigned has undertaken a review of the merits of Defendant Harvey's Motion and finds that said Motion should be granted and that the cause of action against this Defendant should be dismissed without prejudice.

Fed. R. Civ. P. 4(e)(1) provides that service of process may be effected "pursuant to the law of the state in which the district court is located...for the service of a summons upon the defendant...." In Oklahoma, service of process may be effected upon an individual "by

delivering a copy of the summons and of the petition personally or by leaving copies thereof at the person's dwelling house or usual place of abode...." Okla. Stat. tit. 12, §2004(C)(1)(c).

The record in this case reflects that Plaintiff attempted to serve Defendant Harvey with process by serving the summons and pleading upon an administrative assistant at the Oklahoma County Detention Center. This is not sufficient service of process under Oklahoma law. However, in Oklahoma, "[s]ervice is not subject to invalidation for *any departure* from the mode prescribed by statute." Shamblin v. Beasley, 967 P.2d 1200, 1209 (Okla. 1998)(emphasis in original); see also Young v. Seaway Pipeline, Inc., 576 P.2d 1144, 1147 (Okla. 1977)("mere irregularities in the form of process does not render it void where such defective process 'is sufficient to advise the defendant of the nature of the case, the court in which it was filed, and his interest therein'")(citation omitted). As an incarcerated litigant proceeding *pro se*, Plaintiff is dependent upon the USMS to perform the function of serving process upon the Defendants identified in the praecipe.

Nevertheless, Plaintiff is required to comply with the federal rules of civil procedure despite his *pro se* status. Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994)("[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). In the summons directed to Defendant Harvey and in the praecipe filed by Plaintiff, Plaintiff provided only the address of the OCDC as the proper address for effecting service of process upon Defendant Harvey. Even after Defendant Harvey moved to quash service of process upon him, alerting Plaintiff to the deficiencies in serving process upon Defendant Harvey under

state law, Plaintiff has not responded to Defendant Harvey's Motion to Quash or attempted to obtain adequate service of process upon this Defendant in the manner required by law. Accordingly, the undersigned finds that service of process upon Defendant Harvey is not in substantial compliance with the laws of Oklahoma and that Defendant Harvey's Motion to Quash Service of Process upon him should be granted as an alternative basis for disposition of the Plaintiff's claim against Defendant Harvey.

RECOMMENDATION

Based on the foregoing findings, it is recommended that Defendant Whetsel's Motion to Dismiss (Doc. #45), construed as a motion for summary judgment, be GRANTED and that Defendants Suedo and Berryhill's Motion to Dismiss (Doc. # 72) be GRANTED and that the cause of action be DISMISSED without prejudice as to all Defendants on the basis of Plaintiff's failure to exhaust available administrative remedies as required by 42 U.S.C. § 1997e(a). It is further recommended that, in the alternative with respect to the Plaintiff's cause of action against Defendant Harvey, the Motion and Brief to Quash Service of Process of Defendant, Charles F. Harvey, DO (Doc. # 38) be GRANTED and the cause of action be dismissed without prejudice as to Defendant Harvey. Plaintiff's Motion to Clarify (Doc. # 74) is DENIED. The parties are advised of their respective right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by February 28th, 2006, in accordance with 28 U.S.C. §636 and LCvR 72.1. The parties are further advised that failure to make timely objection to this Supplemental Report and Recommendation

waives their respective right to appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 8th day of February, 2006.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE